## IN RE MONTALVO, QUERELLADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un procedimiento de desacato en un recurso sobre *injunction.*

MOCIÓN de Joaquín Oronoz Rodón, demandante en el procedimiento de *injunction,* para que se desestime la apelación.

No ——.—Resuelto en julio 7, 1915.

DESESTIMACIÓN DE APELACIÓN—DESACATO CIVIL—DESACATO CRIMINAL—SENTENCIA—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—PARTE CONTRARIA.—El querellado fué convicto de desacato por la Corte de Distrito de Aguadilla por la omisión o falta de cumplimiento con los requerimientos de un mandamiento de *injunction* expedido en un procedimiento seguido ante dicha corte por Joaquín Oronoz Rodón, y en el que figuró el querellado como demandado, apelando éste de dicha sentencia para ante esta corte; y habiendo solicitado Joaquín Oronoz la desestimación del recurso por el fundamento de no haberse notificado el escrito de apelación: *Se resolvió:* que siendo la sentencia apelada clara y puramente penal en cuanto a su carácter y propósito, aun admitiendo que los procedimientos que dieron lugar a dicha sentencia eran en equidad por un desacato civil, el apelante estuvo justificado en adoptar el procedimiento que regula las apelaciones criminales y en notificar el escrito al Fiscal como ''abogado de la parte contraria,'' en vez de al demandante en el recurso de *injunction.*

Los hechos están expresados en la opinión.

Abogado de Joaquín Oronoz: *Sr. Carlos Franco Soto.*

Abogado del querellado: *Sr. Víctor P. Martínez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En 13 de febrero de 1914, la Corte de Distrito de Agua-dilla dictó la siguiente sentencia:

"*Joaquín Oronoz Rodón* v. *Susano Montalvo y Víctor P. Mar-tínez. Injunction* para recobrar la posesión material de propiedad inmueble. Registrada la sentencia en febrero 13, 1914. La corte, después de haber oído el escrito de demanda y el de contestación, las pruebas que se introdujeron en el acto del juicio, documental y de testigos, y los informes orales de los abogados representantes de las partes, declaró el juicio concluso para sentencia reservándose dic-tarla en una de sus próximas sesiones y en este día, después de haber considerado cuidadosamente el caso declara: que los hechos y la ley están a favor de la parte demandante Joaquín Oronoz Rodón y en contra solamente del demandado Susano Montalvo, disponiendo por tanto quede libre de toda responsabilidad el demandado Víctor P. Martínez en el concepto por el cual fué demandado. Por tanto, se ordena mandamiento de' *injunction* que se dirigirá al márshal del distrito a fin. de que dicho demandante Joaquín Oronoz Rodón sea restablecido en la posesión de la finca rústica que .se describe en la demanda bajo los puntos y arrumbaciones que se designan en la misma; que se requiera al demandado Susano Montalvo para que en lo sucesivo se abstenga de cometer los actos por él realizados o sea el haber intimidado, con machete en mano, al demandante desa-lojándole de la finca descrita y manifestándole que si tenía algún dere-cho que lo reclamara a Víctor P. Martínez; u otras que manifiesten el mismo propósito' bajo apercibimiento de desacato a esta corte por desobediencia a esta orden. Con imposición de las costas al de-mandado Susano Montalvo, pago de desembolsos y honorarios del abogado. Que se registre esta sentencia en el libro de sentencias de la corte. En corte abierta hoy 13 de febrero de 1914."

Y en Mayo 15 de dicho año se dictó otra sentencia bajo el mismo encabezamiento y título, la cual es como sigue:

"La corte en este día 15 de mayo de 1914 después de haber oído la solicitud de denuncia por desacato a esta corte, las causas o moti-vos alegados por los acusados Víctor P. Martínez y Susano Montalvo, los *affidavits* y contra-*affidavits* presentados por las partes y la decla-ración de los testigos del denunciante Joaquín Oronoz Rodón así como los informes de los abogados representantes de aquéllas, declara al acusado Susano Montalvo culpable de desacato a esta corte por la omisión o falta a cumplir con los requerimientos del mandamiento

de *injunction* expedido al márshal del distrito en 20 de abril de 1914 en el caso civil No. 1676, seguido ante esta misma corte por Joaquín Oronoz Rodón contra Víctor P. Martínez y González sobre acción para recobrar la posesión de propiedad inmueble, consistente dicho desacato en que al practicar el márshal auxiliar de esta corte Juan B. Angulo los días 22 y 24 de abril de este año la diligencia de cumplimiento de la sentencia ya relacionada y consiguiente mandamiento de *injunction,* requiriendo al demandado Susano Montalvo para que se abstuviera de cometer los actos por él realizados de haber intimidado machete en mano al demandante Joaquín Oronoz, manifestándole dicho demandado que si tenía algún derecho que lo reclamara a Víctor P. Martínez u otros actos que manifiesten el mismo propósito; dicho demandado Susano Montalvo si bien no se opuso a que el márshal reintegrara al demandante Oronoz en la posesión material de *las diez y seis cuerdas de terreno* manifestó, sin embargo, su oposición y se opuso a que dicho márshal diera al demandante Oronoz la posesión material de dos casas radicadas y comprendidas dentro del perímetro del referido lote de terreno, negándose a desocupar los dos dichos inmuebles, pretextando para ello que una de ellas, fabricada de maderas y zinc, es de la propiedad de Víctor P. Martínez y se halla ocupada por la familia de un tal Zenón Morales, y la otra casa de madera y yaguas la había él (el demandado) construído viviéndola actualmente con su familia y que anexo a ella tiene un glacis, habiendo hecho además varias mejoras.

"En su consecuencia, se condena a dicho Susano Montalvo a pagar al Pueblo de Puerto Rico una multa de noventa dólares y no pudiendo satisfacerla por carecer de recursos, a un día de prisión en la cárcel del distrito por cada tres dólares de dicha multa que dejare de satisfacer, con las costas de este procedimiento; entendiéndose que la prisión en este caso no podrá exceder de treinta días. Regístrese esta sentencia en el libro de minutas de la corte y líbrese el oportuno mandamiento u orden al márshal del distrito de acuerdo con lo que dispone la ley; y en cuanto al otro acusado Víctor P. Martínez y González se le absuelve del cargo de desacato a esta corte por no tener esta corte jurisdicción sobre la persona de dicho acusado y no haberse demostrado a satisfacción de la misma su culpabilidad."

Al día siguiente fué notificado al fiscal el escrito de apelación y archivado en secretaría.

En junio 29, el demandante en el pleito de *injunction* presentó una moción a este tribunal para que fuera desestimada

la apelación, por el fundamento de que el apelante no había radicado en este Tribunal su transcripción de autos como tampoco presentaba al juez de distrito ningún proyecto de exposición del caso o pliego de excepciones para su aprobación. Esta corte se negó a considerar la moción por el fundamento de que el demandante en la corte inferior no era parte en el procedimiento de desacato que dió origen a' la sentencia apelada. .

En julio 13 dicho demandante solicitó que fuera reconsiderada la orden a que se ha hecho referencia últimamente, moción que fué desestimada en julio 31 por las razones consignadas en la opinión que fué emitida el mismo día. *Oronoz* v. *Montalvo,* 21 D. P. R., 347.

En marzo 4, 1915, el demandante en el caso de *injunction* presentó nuevamente una moción para que se desestimara la apelación, alegando además de las razones aducidas en su anterior moción, que no se había notificado ningún escrito de apelación a él o a su abogado, presentando copias certificadas de las dos sentencias transcritas, con el fin de mostrar la supuesta naturaleza civil del procedimiento de desacato.

La única cuestión que ha sido promovida es si la presente apelación debe regirse por las reglas del procedimiento civil o criminal, cuestión que desde luego depende únicamente de la naturaleza de la sentencia apelada. Los principios generales por los cuales debemos regirnos en cuanto al particular quizás jamás han sido más claramente expresados que por el Juez Vanfeet en el caso de *Hammond Lumber Co.* v. *Sailors' Union of the Pacific,* 167 Fed., 809, y por el Juez Sr. Lamar en el de *Gompers* v. *Brick's Stove and Range Co.,* 221 U. S., 418. Véase también la nota del caso *Rostchild and Co.* v. *Iteger and Sons Piano Mfg. Co.,* 42 L. R. A., (N. S.) 793 y notas anteriores que en el mismo se citan.

La sentencia contra la cual se ha interpuesto esta apelación es clara y puramente penal en cuanto a su carácter y propósito que son por sí evidentes y, aún admitiendo que

los procedimientos que dieron lugar a dicha sentencia eran en equidad por un desacato civil, y que la referida sentencia fué dictada como consecuencia de una súplica en que se interesaba un remedio reparador, hechos que son compatibles con el encabezamiento y título de los dos documentos arriba transcritos, pero que no fueron alegados ni probados, sin embargo, después de haberse dictado sentencia condenatoria por desacato criminal, el apelante estuvo justificado en adoptar el procedimiento que regula las apelaciones criminales y en notificar el escrito al fiscal como "abogado de la parte contraria," en vez de al demandante en los procedimientos de *injunction.*

Por lo tanto no puede ahora permitirse al demandante alegar que no fué notificado del escrito de apelación o en alguna otra forma en este procedimiento por la muy deficiente razón que hasta ahora ha sido alegada.

La moción tal como ha sido presentada no puede ser tomada en consideración.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.