EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ARTURO FIGAREDO, acusado y apelante.

No. 3377.—*Visto:* Enero 20, 1928.   *Resuelto:* Enero 25, 1928.

LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—PROCESOS Y CASTIGOS—ACUSACIÓN
O DENUNCIA—SU SUFICIENCIA—MANEJO DE AUTOMÓVIL SIN LICENCIA.—En
denuncia por uno actuar como *chauffeur* de un vehículo público sin licencia
como tal *chauffeur*, la omisión de no alegar que el vehículo en cuestión no
estaba siendo empleado en el momento en la transportación de pasajeros no
es fatal.

SENTENCIA de *T. Bernardini de la Huerta,* J. Sustituto (Guayama),
condenando al acusado por infracción a la sección 5, letra (*a*)
del Reglamento de la Comisión de Servicio Público.   *Confirmada.*

*C. Domínguez Rubio,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

Arturo Figaredo fué convicto por dos ocasiones, primero
en la corte municipal y más tarde en la de distrito, después
de haberse celebrado un juicio *de novo,* de un delito de in-
fracción a la regla 5 *a.* del Reglamento adoptado por la Co-
misión de Servicio Público, que lee en parte como sigue:

"Ningún porteador público sujeto a las disposiciones de este re-
glamento consentirá o permitirá que ninguna persona conduzca, ma-
neje o guíe ningún vehículo de motor que a la sazón utilice o emplee
para el transporte de pasajeros a menos que tal persona sea un
*chauffeur* debidamente autorizado como tal por el Comisionado del
Interior de Puerto Rico y que haya tenido por lo menos dos años de
experiencia después de habérsele expedido su licencia por el Comi-
sionado del Interior, como *chauffeur.*

"(*a*) Ninguna persona podrá actuar como *chauffeur* o cobrador
de ningún vehículo de motor sujeto a las disposiciones de este regla-
mento, a menos que no haya antes obtenido una autorización de la
referida comisión y para ello habrá de cumplir con los siguientes re-
quisitos: . . ."

La denuncia en este caso fué radicada por un Policía In-
sular, y alega que el acusado, sin estar autorizado por la Co-
misión para actuar como *chauffeur,* y al momento y en el

sitio especificados en la denuncia, guiaba cierto ómnibus (*guagua*) de su propiedad.

El apelante insiste ahora en que la denuncia no imputa un delito, por no alegarse en ella que el ómnibus en cuestión estaba siendo usado y empleado en aquel momento en la transportación de pasajeros.

Evidentemente, la denuncia no trata de imputarle al acusado como dueño del vehículo el acto de permitir o consentir · el manejo de un vehículo de su propiedad, sino más bien el haber actuado como *chauffeur* o conductor de un vehículo público, sin haber obtenido primeramente una licencia de *chauffeur*. La disposición contenida en el primer párrafo de la Regla 5 *a.*, al efecto de que el vehículo de referencia debe estar siendo utilizado en ese momento en la transportación de pasajeros, no está incorporada tan inseparablemente en la definición del delito descrito en el inciso (*a*) de esa regla, que haga fatal la omisión de una alegación que especifique tal uso y empleo, cuando se trata de un caso de una denuncia radicada por un policía en una corte municipal.

Otra contención es que la corte inferior erró al no absolver al acusado por falta de suficiente prueba para justificar una condena.

La prueba de la defensa tendió a demostrar que el acusado había convenido en transportar gratuitamente cierta familia o grupo de gente que volvía de una excursión al campo, y que ninguno de los pasajeros satisfizo el precio de su pasaje. Sin embargo, no se le ocurrió al acusado, ni aparentemente a ninguno de los pasajeros, revelar al tiempo del arresto la naturaleza gratuita de los servicios que prestaba el acusado; y ni el juez de distrito ni el municipal estaban obligados a aceptar como cierta la explicación del incidente que ofreció por primera vez el acusado durante el juicio.

*Debe confirmarse la sentencia apelada.*