EL PUEBLO DE PUERTO RICO, peticionario y apelado, *v.* JOSÉ DE JESÚS, demandado y apelante.

No. 4070. *Sometido:* Abril 2, 1928.—*Resuelto:* Marzo 15, 1929.

*Arjona & Arjona,* abogados del apelante; *Hon. Attorney General Interino J. A. López Acosta* y *James R. Beverly* y *R. A. Gómez, Sub-Procuradores,* abogados de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Originalmente se instituyó un procedimiento para impedir que José de Jesús actuara como porteador público hasta que hubiese cumplido con las reglas y reglamento de la Comisión de Servicio Público. La Corte de Distrito de San Juan, en sentencia final dictada en agosto 30, 1926, expidió un auto de *injunction* contra él. En 7 de octubre de 1926 se libró una orden para mostrar causa por la cual no debía castigársele por desacato por no haber obedecido la orden de *injunction.* Con la moción para que se dictara dicha orden se presentaron tres declaraciones juradas. Después de celebrada una vista sobre los méritos de estas declaraciones juradas y de la oposición del acusado, la Corte de Distrito de San Juan lo declaró culpable de desacato y le sentenció a pagar cincuenta dólares de multa o en su defecto a sufrir una pena de cárcel. El acusado apeló de esta sentencia. Anteriormente se había apelado de la sentencia original.

El apelante presentó un alegato en el que discute varias cuestiones de la apelación principal, pero en junio 24, 1927, El Pueblo solicitó la desestimación de las apelaciones. Se alegaba que las cuestiones llegaron a ser académicas en vista de que la Comisión de Servicio Público había derogado las órdenes bajo las cuales se instituyó el litigio. La moción de desestimación fué declarada sin lugar mediante una resolución *per curiam* dictada por esta corte en junio 16, 1927. Resolvimos que la cuestión envuelta en el desacato no era académica, sin perjuicio del derecho del apelante a demostrar que la primera apelación no era académica.

En marzo 21, 1928, se radicó un nuevo alegato en el que se discute la sentencia de desacato. La discusión se limita a tres señalamientos de error y oímos a ambas partes sobre esta cuestión en una vista celebrada en 2 de abril de 1928.

█ El primer señalamiento de error dice así: "Erró la Corte al estimar suficiente para enjuiciar por desacato al demandado y apelante, la moción presentada por el demandante y apelado." Tenemos idea de que el señalamiento es insuficiente por no ser específico.

No obstante, le prestaremos alguna atención sumaria bajo las circunstancias reseñadas. La teoría es que el procedimiento inicial de desacato debe ser tan definido como una acusación. Dada la sentencia anterior dictada en el caso, no estamos muy seguros de ello, pero asumiremos que el apelante está en lo cierto.

El apelante sostiene que la moción no alegaba que él transportara pasajeros mediante pago, en violación de la orden de la comisión. Se da énfasis a la cuestión de que debía aparecer que este porteador recibía pago. Como la orden anterior de la corte prohibía al apelante que transportara pasajeros mediante pago y se le imputaba el haber continuado corriendo sus "guaguas" en violación de dicha orden, la omisión, de ser atacable, fué un mero defecto o una falta de especificación. Esta falta no podía ser atacada mediante una excepción previa o señalamiento de error.

Razonamiento similar es aplicable a la falta de una alegación de que el apelante dejó de obtener un certificado. El dejar de obtener un certificado era toda la teoría del proceso. En ninguno de los casos hubo falta de notificación al apelante.

El segundo señalamiento de error es general, sin especificar, que la prueba es insuficiente. En este señalamiento se alegaba también la falta de prueba de que el apelante condujera pasajeros mediante pago. Las declaraciones juradas demostraban que el apelante condujo sus "guaguas" por sus rutas en innumerables ocasiones después de dictarse la orden de la corte. Esto era, en lo que a un porteador de pasajeros se refería, evidencia circunstancial de que percibía pago, o surgía la presunción a ese efecto, según se decidió en el caso de *El Pueblo* v. *Figaredo,* 37 D.P.R. 643.

334

Incumbía al apelante demostrar que se le había expedido un certificado después de haberse probado como un hecho contra·él que carecía de tal certificado.

El tercer señalamiento de error es como sigue: "Erró la corte al dictar sentencia condenando por desacato al demandado y apelante." Todo lo que el apelante dijo a este respecto es lo siguiente:

"Sometemos este error por las anteriores manifestaciones.

"Sostenemos, además, que esta corte debe anular la sentencia sobre desacato, porque la sentencia de *injunction* es nula y nos referimos a nuestro alegato en el caso .principal."

El alegato anterior del apelante comprende noventa y cuatro, páginas y señala seis errores. De su faz ninguno de ellos levanta cuestión alguna de jurisdicción o constitucionalidad y no nos sentimos obligados a examinar el alegato anterior para hallar tal cuestión. El Attorney General muy acertadamente alega que, asumiendo la jurisdicción de la corte, el hecho de que se cometieran errores no afectaba el derecho de castigar por desacato. Ninguna de las partes nos cita autoridades.

La sentencia de desacato apelada *debe ser confirmada.*