IN RE, FRANCISCO CERDEIRA y PEDRO F. GOTAY, querellados apelantes.

No. 3973.—*Sometido:* Enero 14, 1930. *Resuelto:* Diciembre 10, 1930.

*José Iglesias la Cruz,* abogado de los querellados; *F. Soto Gras y R. Díaz Collazo,* abogados del querellante; *R. A. Gómez,* abogado de *El Pueblo.*

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Después de celebrado el juicio en un pleito en la Corte de Distrito de San Juan y antes de que dictase sentencia en el mismo, Francisco Cerdeira hizo publicar en "La Correspondencia de Puerto Rico," que circula en esta ciudad, un

artículo referente a la prueba presentada en ese pleito. También Pedro F. Gotay publicó en ese tiempo otro artículo en el periódico "J'Accuse" sobre la misma materia. El demandante en el pleito presentó querellas contra ambos por desacato a la corte y ésta ordenó que Cerdeira y Gotay comparecieran ante ella para mostrar causa por la cual no debieran ser condenados por desacato. En vista de esa orden ambos comparecieron ante la expresada corte la que después de oírlos les condenó por desacato, contra cuyas sentencias interpusieron respectivamente apelación, recursos que han sido tramitados conjuntamente.

Los alegatos de los apelantes son iguales y aducen como primer motivo para sostener su recurso que la corte cometió error manifiesto al no sobreseer su orden requiriéndoles para que comparecieran a mostrar causa por la cual no debieran ser condenados por desacato, porque los hechos alegados en las querellas contra ellos presentadas no son constitutivos de desacato por referirse los artículos por que se les denunció a las pruebas del juicio y no a los procedimientos del mismo.

■ La Ley de 1º. de marzo de 1902 definiendo el desacato, según quedó enmendada en 1906, sección 5560 de los Estatutos Revisados de 1911, en lo necesario ahora dice así:

"La Corte Suprema, las cortes de distrito y cualquier tribunal análogo o semejante, debidamente establecido en Puerto Rico, tendrán facultad para castigar por desacato a toda persona culpable de cualquiera de los actos siguientes:

"* * * * * * *

"5. La voluntaria publicación de cualquier informe falso o groseramente inexacto, de procedimientos judiciales; *Disponiéndose, sin embargo*, que la publicación de cualquier informe verdadero y justo de algún procedimiento judicial, no será penable como desacato."

El juicio oral de un pleito o de una causa criminal es claramente un procedimiento judicial; y como en él se presenta la evidencia que las partes utilizan para probar sus respectivas alegaciones y ha de ser tenida en cuenta por la corte para su decisión, no tenemos duda de que tal evidencia

forma parte de los procedimientos judiciales de la corte en cualquier pleito o causa, por lo que la publicación de un informe falso o groseramente inexacto referente a dicha evidencia es constitutiva del desacato previsto en el inciso 5°. que hemos copiado, aunque no contenga palabras injuriosas para la corte.

El segundo y último motivo alegado por los apelantes es que las querellas presentadas contra ellos no son suficientes porque se jura en las mismas por información y creencia que los apelantes son los autores de dichos artículos.

Ese motivo del recurso carece de mérito. Este tribunal resolvió en el caso de *Del Toro* v. *La Corte Municipal,* 16 D.P.R. 93, en el que se impugnó la acusación de desacato por no haber sido jurada por persona alguna, que tal requisito no es necesario en casos de desacato. Por consiguiente, menos puede serlo que el hecho expresado fuese jurado por información y creencia.

*Las dos sentencias apeladas deben ser confirmadas.*