El Pueblo de Puerto Rico, demandante y apelado, *v.* Pablo Bigio Rodríguez, acusado y apelante.

Núm. 5905.—*Sometido:* Febrero 4, 1936. *Resuelto:* Marzo 19, 1937.

*Martínez Nadal & Navarro Ortiz,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Pablo Bigio Rodríguez fué declarado culpable de desacato por los tres jueces de la Córte de Distrito de San Juan, constituídos "in bank".

Bigio, con su conducta contumaz como miembro del jürado en una causa criminal, había impedido un veredicto condenatorio. La médula de la acusación era que valiéndose de engaño, ocultación y falsas manifestaciones en respuesta a preguntas formuládasle como jurado antes de tomársele el

juramento definitivo, había logrado formar parte del jurado con el deliberado propósito de obstruir la causa de la justicia. Para mayores detalles, véase *Bigio* v. *Corte de Distrito de San Juan,* 46 D.P.R. 448.

Existe sólo un señalamiento de error en debida forma. Es al efecto de que la corte de distrito cometió error al apreciar la prueba. Hemos examinado cuidadosamente la evidencia a la luz de la argumentación del apelante y no hallamos tan manifiesto error en la apreciación de la misma que exija la revocación.

En el alegato del apelante, luego de hacerse una discusión de la prueba bajo el encabezamiento "cuestiones de hecho" aparece otro epígrafe "errores de derecho". Aquí encontramos, aunque no expuestas separadamente, un número de especificaciones: una es que la corte de distrito cometió error al permitir al testigo Jorge Bird que declarara, con la objeción y excepción del acusado, sobre conversaciones de éste en los recesos del jurado o cuando estaban almorzando en el hotel, porque el cargo específico en la querella es que tales manifestaciones se hicieron en el cuarto de deliberaciones. Otra es que la corte cometió error al permitir que el fiscal preguntara al mismo testigo, sobre la objeción y excepción del acusado, respecto a la actitud de éste y acerca de las manifestaciones hechas por él en el cuarto de deliberaciones. La tercera, que la corte de distrito cometió error al permitir al testigo Esquilín que declarara en torno a las conversaciones celebradas por él y el acusado en el dormitorio de un hotel, primero, porque el jurado no estaba deliberando en aquel momento, y segundo, conforme ya se ha indicado, porque en la acusación no existe cargo alguno sobre manifestaciones del acusado en el cuarto-dormitorio del hotel. La cuarta, que la corte de distrito cometió error al permitir a este testigo que declarara sobre los comentarios hechos por él en cuanto a la actitud del acusado, porque esos comentarios no fueron hechos por él ni estaban especificados en la acusación. La quinta, que la corte erró al permitir al jurado

José Somohano que declarara sobre manifestaciones hechas por el acusado en el restaurante en momentos en que no estaba el jurado deliberando, por los mismos motivos legales expuestos en relación con las anteriores cuestiones de derecho. La sexta, que la corte cometió error al declarar sin lugar una moción de absolución perentoria o *nonsuit* después de practicada la prueba del fiscal, por no sostener dicha prueba las alegaciones de la querella ni demostrar propósito alguno por parte del acusado de engañar a la corte, bajo juramento, ni tampoco conducta violenta, desordenada, irrespetuosa, desdeñosa o desobediente hacia la corte, de la cual formaba parte como juez de hecho.

La acusación no imputa que las manifestaciones atribuídas a Bigio por los testigos Bird, Esquilín y Somohano fueran hechas en el cuarto de deliberaciones del jurado. El contexto de la acusación es: "en el curso de las deliberaciones." La acusación pudo haber sido más específica, pero si el acusado deseaba ulteriores detalles acerca del tiempo y del sitio de las conversaciones en cuestión, debió haber solicitado un pliego de particulares. No se sugirió, ni en la corte inferior ni en el alegato del apelante, que hubiera habido sorpresa. Nada hay que demuestre que el acusado fué inducido a error en fórma alguna por la acusación. La incongruencia no fué fatal.

Comentando el segundo grupo de supuestos errores, la contención del apelante es que no debe permitirse a ningún miembro del jurado que declare sobre lo ocurrido en el cuarto de deliberaciones. Esta cuestión fué discutida y resuelta en el caso de *Bigio* v. *Corte de Distrito,* supra. La corte de distrito, en una relación del caso y sentencia, dijo que había declarado sin lugar ciertas objeciones porque a su juicio El Pueblo había establecido un caso prima facie suficiente para justificar a la corte a admitir prueba respecto a lo ocurrido durante las deliberaciones del jurado. El apelante no discute la suficiencia del caso presentado por el fiscal antes de que se permitiera al testigo Bird o a cualquier

otro testigo que declarara en torno a lo ocurrido en el cuarto de deliberaciones. En realidad, si el fiscal venció la objeción presentada por el acusado a las preguntas hechas por el primero mientras Bird ocupaba la silla testifical sobre lo ocurrido en el cuarto de deliberaciones, ello ha escapado a nuestra atención.

■ Técnicamente, la cuestión planteada por la moción de *nonsuit* desapareció al presentarse la prueba del acusado. Existe siempre la posibilidad de que cualquier deficiencia en la prueba de cargo pueda haber sido subsanada por la de la defensa. En su consecuencia, una vez terminado el juicio, si el acusado ha presentado prueba, la cuestión surge respecto a la suficiencia de la prueba en su totalidad. Sin embargo, si apareciera claramente que la moción de *nonsuit* debió haberse declarado con lugar y si apareciera además que el acusado no había subsanado la deficiencia con su propia prueba, no estaríamos dispuestos a confirmar la sentencia apelada por motivos técnicos.

En este caso el apelante discutió la prueba en su totalidad en su argumentación bajo el primer señalamiento, supra, y a este aspecto del caso le impartimos debida consideración al examinar la prueba. Aunque hay margen para argumentación sobre la existencia o inexistencia de duda razonable, no estamos preparados para revocar la sentencia solemne de los tres jueces que presidieron el juicio y que apreciaron la suficiencia de la prueba.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Travieso no intervino.