Miguel Sánchez León, Juan Tapia, Benjamín Laureano y Carlos Ferrer, peticionarios, *v.* Marcelino Romany, Juez de la Corte de Distrito de San Juan, demandado.

Núm. 314.—*Sometido:* Junio 20, 1938. *Resuelto:* Julio 23, 1938.

*J. Valldejuly Rodríguez,* abogado de los peticionarios; *A. Ortiz Toro,* abogado del demandado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Los demandados en un procedimiento de desacato criminal apelaron de una sentencia adversa y radicaron una solicitud para que se dictase una resolución ordenando al taquígrafo que preparara una transcripción de la evidencia. El artículo 356 del Código de Enjuiciamiento Criminal (edición de 1935) dispone que:

". . . . Al recibir dicho escrito, será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente el récord taquigráfico del juicio . . ."

El artículo 2 de una ley aprobada el 27 de noviembre de 1917 (Leyes de ese año, Vol. II, págs. 275, 277) contiene una disposición similar referente a apelaciones perfeccionadas de acuerdo con las reglas establecidas por el Código de Enjuiciamiento Civil.

El juez de distrito, actuando bajo la teoría de que no procede apelación alguna de la sentencia en un procedimiento de desacato criminal, denegó la solicitud. A instancias de los peticionarios esta corte expidió entonces una orden para mostrar causas por las cuales no debía expedirse un auto de *mandamus*.

■ El artículo 295 del Código de Enjuiciamiento Civil autoriza apelaciones de las cortes de distrito:

"1. De una sentencia difinitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado..."

El artículo 345 del Código de Enjuiciamiento Criminal dispone:

"Cualquiera de las dos partes en un proceso criminal originado en alguna corte de distrito puede apelar para ante la Corte Suprema, según lo prescrito en este capítulo."

Hasta la fecha este tribunal ha considerado, sin discusión, apelaciones de sentencias en procedimientos de desacato civil, bajo el artículo 295 del Código de Enjuiciamiento Civil, y apelaciones de sentencias en procedimientos de desacato criminal, bajo el artículo 345 del Código de Enjuiciamiento Criminal. Véanse: *In re Montalvo,* 22 D.P.R. 653; *Pueblo* v. *De Jesús,* 39 D.P.R. 331; *In re Cerdeira,* 41 D.P.R. 598; *Pueblo* v. *Lastra,* 50 D.P.R. 118; *Pueblo* v. *Bigio,* 51 D.P.R. 165. Véanse también 3 Corpus Juris 555, sección 396; 13 Corpus Juris 97, sección 155; *State* v. *American News Co.,* 253 N. W. 492; *Burnett* v. *State ex rel West,* 47 L.R.A. (N.S.) 1175; *Clark* v. *United States,* 61 F. (2d) 695 (confirmado en 289 U. S. 1).

■ No es necesario que nos detengamos a considerar si un procedimiento de desacato criminal constructivo—que

surja de una acción civil y esté dirigido contra una o más de las partes en dicha acción—constituye o no un "procedimiento especial", tal como dicho término se usa en el artículo 295 del Código de Enjuiciamiento Civil. Pero véase 4 Bancroft's Code Practice and Remedies 3716, sección 2895.

Puede admitirse que un desacato criminal en esta jurisdicción no es ni un *misdemeanor* ni un *felony*. No es necesario que el cargo se formule mediante denuncia o acusación. Pueden surgir casos en los cuales debe establecerse alguna distinción entre un procedimiento de desacato criminal y un proceso criminal. Sin cerrar las puertas a una investigación ulterior, no estamos ahora preparados para decir que un procedimiento de desacato criminal no constituye un proceso criminal, dentro del significado de este término, tal como se usa en el artículo 345.

■ Si procede una apelación de la sentencia en un procedimiento de desacato criminal, bajo el artículo 345 del Código de Enjuiciamiento Criminal, el deber del Juez de Distrito de ordenar una transcripción de la evidencia es claramente ministerial. De todos modos, el Juez de Distrito no debería negarse a expedir tal orden en un caso dudoso, y éste es, hasta el punto en que la cuestión ha sido desarrollada en los alegatos ante nos, un caso dudoso.

*Nuestra conclusión es que el auto debe expedirse.*