Universidad de Puerto Rico, peticionaria y apelada, *v.* Jorge Luis Landing, requerido y apelante.

Núm. 9985.—*Sometido:* Enero 17, 1950. *Resuelto:* Febrero 14, 1950.

*David Curet Cuevas, José E. Bosch Roqué y Luis Archilla Laugier,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo y Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de la apelada.

*Per Curiam:* El apelante fué declarado incurso en desacato criminal por haber violado un auto de *injunction* preliminar dictado por el propio tribunal inferior el 28 de mayo de 1948 por el cual se le ordenaba se abstuviera de entrar en los terrenos de la Universidad de Puerto Rico, descritos en dicho auto, y además que se abstuviera de realizar y fomentar actos de violencia que pudieran resultar en destrucción de la propiedad de la Universidad.

Fué sentenciado a pagar una multa .de $100 o a sufrir un día de cárcel por cada $3.33 que dejare de satisfacer.

Tres son los errores que señala en su alegato: (1) al declarar la corte inferior sin lugar moción sobre falta de jurisdicción; (2) que la prueba es insuficiente para sostener su convicción y (3) que la sentencia dictada no cumple con los requisitos de la ley.

La supuesta causa de falta de jurisdicción a que se refiere el primer señalamiento de error consiste, según el apelante, en que el procedimiento de desacato se formuló mediante moción de la Universidad de Puerto Rico y no mediante acusación a nombre del Pueblo de Puerto Rico contra el apelante; en que la sala de recursos extraordinarios del Tribunal de Distrito de San Juan no tenía facultad para conocer de un procedimiento de desacato criminal, ya que éste correspondía a la sala de lo criminal y porque la declaración jurada que sirvió de base para que la corte inferior expidiera la orden para mostrar causa contra el acusado era insuficiente.

En cuanto al primero de los tres fundamentos de este error basta que indiquemos que hace ya algún tiempo que este Tribunal estableció que es innecesario que se formule una denuncia o acusación para imputarle a una persona la comisión de un desacato criminal, *Sánchez v. Romany, Juez,* 53 D.P.R. 596, 598, ya que la orden para mostrar causa sustituye, a todos los efectos legales, la acusación o denuncia. *De To-*

*rres* v. *Corte,* 58 D.P.R. 515, 523 y 524. El segundo fundamento carece de méritos. El Tribunal de Distrito de San Juan es uno solo y las disposiciones de la Ley 212 de 1946 creando dicho Tribunal son directivas y no afectan la facultad o jurisdicción de los jueces para actuar en un caso en que el tribunal como tal tenga jurisdicción. *Portela* v. *Tribunal de Distrito,* 66 D.P.R. 279. El tercer fundamento es frívolo. En la declaración jurada que sirvió de base a la orden para mostrar causa, con toda claridad se consigna que en las horas de la mañana del día 26 de agosto de 1948 el oficial de orden público que prestó dicha declaración, *vió* dentro de los terrenos de la Universidad, en Río Piedras, a Jorge Luis Landing (y otros que es innecesario mencionar aquí). En dicha declaración se consigna, además, que el declarante conocía tanto a Landing como a los demás a que se refería su declaración jurada *personalmente,* y que todos ellos estaban dentro de los terrenos de la Universidad en la mañana del indicado día. Tal declaración demostró suficientemente la violación de la orden de injunction preliminar al situar a Landing en los terrenos de la Universidad, a los cuales se había prohibido su entrada.

■ El segundo error señalado no amerita consideración. El propio apelante indica en su alegato que de haberse cumplido ciertos y determinados requisitos legales (se refiere esencialmente a los fundamentos consignados en el primer señalamiento de error) podía ser condenado por desacato criminal, ya que el solo hecho de penetrar en los terrenos de la Universidad (extremo que fué probado y no controvertido) era suficiente para ello.

■ El tercer error señalado al efecto de que la sentencia no cumple con los requisitos de ley porque la misma tenía que expresar algo más que la conclusión del juez en cuanto a la culpabilidad del acusado, no existe. Aunque el apelante no lo consigna expresamente, inferimos que se refiere a los requisitos del artículo 3 de la Ley ''Definiendo el Delito de

Desacato y Disponiendo la Pena correspondiente".([1]) Dicho artículo no requiere *que en la sentencia* se consignen el acto o actos constitutivos del desacato o la fecha y lugar de su comisión y circunstancias de la misma. Es el *mandamiento* el que debe contener tales requisitos. *De Torres* v. *Corte, supra.* Se trata de dos documentos diferentes y en el presente caso el apelante impugna la sentencia y no el mandamiento. Nada hay en los autos que tienda a demostrar que dicha sentencia es nula.

*Procede confirmar la sentencia.*

---

[1]". . . Siempre que alguna persona fuere multada o encarcelada por desacato a una corte deberá firmarse por el juez sentenciador una *orden* o *mandamiento* para dicha multa o prisión, consignándose *en el mismo* el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto." (Bastardillas nuestras.) Sección 3 de la Ley de Desacato, Código Penal de Puerto Rico, ed. 1937, pág. 87.